IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES D.J. BARNES,

    Plaintiff,

v.   No. 1:18-cv-1059 RB/LF

STATE OF NEW MEXICO, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's motions for reconsideration and to proceed *in forma pauperis*. (Docs. 7–8.) Plaintiff is incarcerated and proceeding *pro se*. He asks the Court to set aside the Judgment dismissing his Civil Rights Complaint for failing to address the filing fee. Because Plaintiff failed to demonstrate grounds for reconsideration under Fed. R. Civ. P. 59, the Court will deny the Motion.

## BACKGROUND

Plaintiff filed this civil rights case on November 13, 2018. (Doc. 1.) He seeks five million dollars in damages against the State of New Mexico, Correctional Facility Corporation, and New Mexico's Tenth Judicial District Court for "victimization, . . . perjury, [and] concealment of evidence." (*Id.* at 1.) By an Order entered December 12, 2018, the Court directed Plaintiff to pay the $400 civil filing fee, or alternatively, submit an *in forma pauperis* application no later than January 11, 2019. (Doc. 2.) The Order attached a blank copy of the form application and warned that the failure to timely comply may result in dismissal of this action without further notice. (*Id.* at 1.)

Plaintiff failed to prepay the filing fee or return the completed *in forma pauperis* application. Therefore, by an Order and Judgment entered January 30, 2019 (Docs. 5–6), the Court dismissed the civil rights action without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the . . . court's orders."). The Dismissal Order stated: "If Plaintiff still wishes to pursue his civil rights claims, he must refile the complaint along with a completed *in forma pauperis* motion." (Doc. 5 at 2.)

Rather than complying with this directive, Plaintiff filed a Motion to Reconsider (Doc. 7) on February 11, 2019, along with a handwritten *in forma pauperis* motion (Doc. 8). Plaintiff also filed a series of notices indicating he paid a portion of the filing fee. (Docs. 9–12.) However, the Clerk's Office never received a payment until May 17, 2019, when Plaintiff attempted to submit $30 in connection with this closed case.

## **ANALYSIS**

A motion to alter or amend a judgment filed within 28 days of its entry is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

After carefully reviewing Plaintiff's filings, the Court concludes he has not demonstrated grounds for relief under Rule 59(e). The law regarding Rule 41 dismissals has not changed. Further, the Motion contains no explanation as to why Plaintiff failed to timely comply with the Order to Cure Deficiency. (*See* Doc. 2.) In fact, he still has not returned the completed *in forma pauperis* form provided by the Clerk's Office. The post-judgment *in forma pauperis* motion (Doc. 8) is handwritten, unsworn, and does not contain the financial information required by 28 U.S.C. § 1915. The Court is also not convinced reconsideration is necessary to prevent injustice. The dismissal was without prejudice, and there is no indication from the record that the action will be time barred if filed anew. The Court will therefore deny the motions to reconsider and proceed *in forma pauperis* (Docs. 7–8). Rather than applying the $30 payment to the closed case, the Court will direct the Clerk's Office to return the payment to Plaintiff along with a copy of the form civil rights complaint and *in forma pauperis* application. To pursue his claims, Plaintiff <u>must</u> file a new case using those forms.

**IT IS ORDERED** that the Motion to Reconsider (Doc. 7) and the Motion to Proceed *In Forma Pauperis* (Doc. 8) are **denied**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall return to Plaintiff the $30 payment received May 17, 2019, along with a copy of this Order; a form civil rights complaint; and a form *in forma pauperis* application.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE